UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MERLE JANES, MD, et al.,<br><br>                    Plaintiffs,<br><br>               v.<br><br>PETER J. HARRIS,<br>individually, and as agent<br>for the WASHINGTON DEPARTMENT<br>OF HEALTH, et al.,<br><br>                    Defendants. | NO. CV-08-200-EFS<br><br>**ORDER GRANTING AND DENYING IN<br>PART DEFENDANTS' RULE 12<br>MOTION** |

     Before the Court, without oral argument, is Defendants' Motions in
Lieu of Answer Pursuant to 12(b)(6), and (Alternatively) 12(e).
(Ct. Rec. 18.)  Defendants seek to dismiss Plaintiffs' complaint under
Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim;
they alternatively move for a more definite statement under Rule 12(e).
After reviewing the submitted material and relevant authority, the Court
grants Defendants' alternative request under Rule 12(e).

     Plaintiff Dr. Merle Janes, MD, is a licensed Washington physician
whose responsibilities include prescribing opioids to patients suffering
from severe, chronic pain.  On June 24, 2008, Dr. Janes, acting as

ORDER ~ 1

representative for several opioid pain patients, filed suit alleging
Defendants - several Washington State employees and entities - improperly
impaired Dr. Janes' ability to prescribe opioid medications to his
chronic pain patients.  (Ct. Rec. 1.)

Defendants insist a more definite statement is warranted because
Plaintiffs' complaint is long, confusing, and fails to comply with
Rule 8(a)'s "short and plain statement" requirement.  (Ct. Rec. 18 at
17.)  Plaintiffs respond that the Complaint is clear, thorough, and
identifies the requisite elements for each claim in a logical fashion.
(Ct. Rec. 22 at 18.)

Federal Rule of Civil Procedure 12(e) permits a party to move for
a more definite statement when a "pleading is so vague or ambiguous that
the party cannot reasonably prepare a response."  The goal is to address
unintelligibility, not want of detail.  *Castillo v. Norton,* 219 F.R.D.
155, 163 (D. Ariz. 2003) (citing *Sheffield v. Orius Corp.,* 211 F.R.D.
411, 414-15 (D. Or. 2002)).  In evaluating Rule 12(e) motions, courts
must assess the complaint in light of Rule 8's minimal pleading
requirements, which requires a complaint to contain:

> (1)   a short and plain statement of the grounds for the
>       court's jurisdiction, unless the court already has
>       jurisdiction and the claim needs no new jurisdictional
>       support;
>
> (2)   a short and plain statement of the claim showing that the
>       pleader is entitled to relief; and
>
> (3)   a demand for the relief sought, which may include relief
>       in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

ORDER ~ 2

Here, a more definite statement is warranted. The complaint is 202 pages long. It has 302 averments addressing thirteen (13) causes of action. It is very difficult to understand. The "Nature of the Action" section is sixty (60) pages long and blends legal conclusions with vague, speculative facts that are not set forth in any chronological order. One paragraph contains a sentence over thirty (30) lines in length (¶ 200); another paragraph contains over forty-six (46) sub-parts and stretches over nineteen (19) pages (¶ 225). There are also several citations to irrelevant facts, e.g., a one-page definition of "prolotherapy," its provenance, and how it relates to American jazz.

It is true that each of the thirteen (13) counts are identified with headings. But Plaintiffs' attempts at organization via headings are belied by the content contained within the headings. For example, Count 3 contains seven (7) sub-parts - A thru G - and continues for nearly twenty (20) pages. These twenty (20) pages are largely repetitive, identify multiple provisions under the Americans with Disabilities Act with no clear purpose, and assert several legal conclusions concerning the state of Ninth Circuit law. Another example are the repetitive references in Count 1 that implementing Washington's Interagency Guidelines on Opioid Dosing for non-Cancer Pain ("Dosage Guidelines") will result in "physical torture or a lingering death." It is unclear why this is important to the claims at issue and how it specifically relates to Defendants.

These are just examples. Plaintiffs' complaint is so long, repetitive, confusing, vague, and otherwise unintelligible that it is difficult to reasonably decipher let alone meaningfully answer.

*See McHenry v. Renne,* 84 F.3d 1172 (9th Cir. 1996). An amended complaint setting forth a more definite statement is necessary. Because amending the complaint may well draw out justiciable claims, the Court declines to rule on Defendants' Rule 12(b)(6) motion.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motions in Lieu of Answer Pursuant to 12(b)(6), and (Alternatively) 12(e) **(Ct. Rec. 18)** is **GRANTED IN PART** (motion for a more definite statement) and **DENIED IN PART** (motion to dismiss) **with leave to renew.**

2. Plaintiffs shall file an amended complaint no later than November 3, 2008, consistent with Rule 8(a)'s requirements.

3. Counsel are directed to read and abide by Local Rule 83.1's civility code.

**IT IS SO ORDERED.** The District Court Executive is directed to enter Order and provide copies to counsel.

**DATED** this ____6^th____ day of October 2008.


                        S/ Edward F. Shea
                    _____
                         EDWARD F. SHEA
                    United States District Judge


Q:\Civil\2008\200.Amend.wpd

ORDER ~ 4